UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-5087-SK Date: September 3, 2026

Title Kelvin Leonel Martinez-Ramos v. Ernesto Santacruz, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Ashley Silva-Elder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER GRANTING IN PART PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF 3] AND ENTERING PRELIMINARY INJUNCTION**

Petitioner's ex parte application for a temporary restraining order, converted sua sponte to a motion for preliminary injunction, is GRANTED IN PART. *See Nken v. Holder*, 556 U.S. 418, 434-36 (2009); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). **Respondents are PRELIMINARILY ENJOINED from transferring Petitioner outside this district or removing him from the United States pending further order of the court**. The request for immediate release from custody, however, is DENIED.[1] *See Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("[J]udgment on the merits in the guise of preliminary relief is a highly inappropriate result."); *Mendez v. U.S. Immigr. & Customs Enf't*, 2023 WL 2604585, at *3 (N.D. Cal. Mar. 15, 2023) (dismissing request for emergency equitable relief where the relief sought was "not 'temporary' or 'preliminary' but rather … the same ultimate relief" sought on the merits); *cf. Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (holding it "inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits").

[1] But the denial of immediate release through preliminary relief is not intended to foreshadow in any way the Court's view on the merits of the petition, including whether the appropriate remedy—if the petition were granted—should be a custody hearing, unconditional release, or a conditional writ. Those questions are best resolved via a merits adjudication under General Order 26-05.